### CALDWELL vs. TOWNSEND.

APPEAL from the court of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. The appeal is taken in this case from a decision of the judge *a quo* on a rule taken by the plaintiff on the garnishee, to shew cause why judgment should not be rendered against the defendant. The court was of opinion that the garnishee was discharged by the answer which he had made to the interrogatories propounded to him. The correctness of this opinion, and the propriety of the judge refusing the plaintiff permission to ob-

Whether an attorney for an absent debtor can confess judgment. *quere.*
The money in the garnishee's hands, cannot be taken from him before final judgment against the defendant in attachment.

tain testimony from New York, to prove that there were funds in the hands of garnishee, have been both discussed by the counsel, but we do not find it necessary to go into them; for we are of opinion that the cause is not before us in such a way as to authorise us to do so.

The garnishee is only responsible to the plaintiff in attachment, through the claim which he has enforced to judgment against the defendant in the cause, and no such judgment appears on record in this case.

There is an agreement which we presume was intended to have the effect of one, in the following words :—

"It is agreed in this case, that defendant's counsel shall permit the plaintiff to take a judgment according to the prayer of petitioner, upon the condition that plaintiff will consent to open the judgment again, provided the defendant so wishes, and shall desire to have a regular trial of the case. And it is further agreed that any sum of money, in which the garnishee shall be adjudged to be indebted to the defendant, shall remain deposited in court, subject to any judgment to be rendered in the premises, either by consent or otherwise ; and

that said sum of money shall be subject to all the conditions above specified."

Admitting that an attorney of an absent debtor has power, under the appointment held from the court, to confess a judgment (which we strongly doubt) there is nothing in the agreement just set out, which can authorise the plaintiff to take out of the hands of the debtors of the defendant, the monies due to him. It is not the judgment of the court, but an agreement that the plaintiffs should take one, and *non constat* that the court would have sanctioned by its decree, such an agreement as the attornies of the parties had entered into. Even if it had, the judgment would not have been final; for it expressly stipulates that the defendant shall hereafter have a regular trial on the merits, if he requires it.

On every point of view in which we can consider the cause, the appeal must be dismissed with cost.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed.

*Maybin* for the plaintiff, *Conrad* for defendant, *Grymes* for garnishee.